# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

BISHNU RAUTH, et al.,

    Plaintiffs,

v.                                                          CV No. 18-994 WJ/CG

APPLIED MEDICO-LEGAL
SOLUTIONS RISK RETENTION
GROUP, INC., et al.,

    Defendants.

## ORDER GRANTING IN PART DEFENDANTS' MOTION TO STAY DISCOVERY

**THIS MATTER** is before the Court on Defendants Bruce E. Myerson, Edward O. Burke, and Andrew Turk's (the "Arbitrator Defendants") *Arbitrators' Motion to Stay Pending Ruling on Dispositive Motion to Dismiss Based on Immunity* (the "Motion"), (Doc. 21), filed December 4, 2018. Neither Plaintiffs nor Defendants Applied Medico-Legal Solutions Risk Retention Group, Inc., Matthew A. Ferrigno, or Nolan C. Burkhouse (the "Medico Defendants") filed a response to the Motion within the fourteen-day deadline mandated by D.N.M.LR-Civ 7.4(a). Having reviewed the Motion, the record of the case, and the relevant law, the Court finds the Motion is well-taken and should be **GRANTED IN PART**.

In the Motion, the Arbitrator Defendants request a stay of discovery pending the resolution of their *Motion of Defendants […] to Dismiss Complaint under Rule 12(b)(6)* (the "Motion to Dismiss"), (Doc. 15), which is based on arbitral immunity. (Doc. 21 at 1). They contend that arbitral immunity involves a question of law, and a stay of fact discovery pending resolution of their Motion to Dismiss would therefore conserve

resources and promote judicial efficiency. *Id.* at 1-3.

Defendants are generally entitled to a stay of discovery when a motion to dismiss or a motion for summary judgment based on qualified immunity has been filed. *See Jiron v. City of Lakewood*, 392 F.3d 410, 414 (10th Cir. 2004); *Workman, et al. v. Jordan, et al.*, 958 F. 2d 332, 336 (10th Cir. 1992) ("[W]e reiterate that qualified immunity is not only a defense to liability but also entitlement to immunity from suit and other demands of litigation"). While the Arbitrator Defendants' Motion to Dismiss is based on arbitral immunity – rather than qualified immunity – the Court maintains the inherent power to control its docket and curtail litigation when a party alleges it is immune from legal action. *See United States v. Schneider*, 594 F.3d 1219, 1226 (10th Cir. 2010). Accordingly, here, the Court's interests in efficient management of litigation and the conservation of judicial resources supports the Arbitrator Defendants' request for a stay of discovery pending the Court's ruling on their Motion to Dismiss, (Doc. 15). As such, the Court finds this request should be granted.

The Arbitrator Defendants also ask the Court to stay its decision on Plaintiffs' *Motion for Joinder of the New Mexico Medical Board as an Indispensable Party*, (Doc. 14), and the Medico Defendants' *Motion to Dismiss Plaintiffs' Complaint and Request for Injunction*, (Doc. 17), until after it rules on the Arbitrator Defendants' Motion to Dismiss, (Doc. 15). (Doc. 21 at 2, 4). The Arbitrator Defendants do not explain why they want the Court to rule on their Motion to Dismiss before ruling on the other parties' motions, and they provide no legal support for this request. The Court finds that it is beyond the scope of an immunity-based stay of discovery to also stay rulings on dispositive motions. Therefore, the Court declines to grant this requested relief.

**IT IS THEREFORE ORDERED** that the *Arbitrators' Motion to Stay Pending Ruling on Dispositive Motion to Dismiss Based on Immunity*, (Doc. 21), is **GRANTED IN PART** and discovery in this matter is stayed pending resolution of the Arbitrator Defendants' Motion to Dismiss, (Doc. 15). The Court will vacate the *Initial Scheduling Order*, (Doc. 19), including the Telephonic Rule 16 Scheduling Conference set for January 15, 2019, by separate order.

**IT IS SO ORDERED.**

_____
THE HONORABLE CARMEN E. GARZA
CHIEF UNITED STATES MAGISTRATE JUDGE